IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:10-cr-40-D (03) |
| | § | |
| DETRIC LEWIS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Detric Lewis, a federal prisoner, has filed a *pro se* Motion Pursuant to Rule 60(b)(6), invoking, primarily, *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243 (2016) (the "Rule 60(b) motion"). *See* Dkt. No. 328. United States District Judge Sidney A. Fitzwater has referred the Rule 60(b) motion to the undersigned United States magistrate judge for hearing, if necessary, and entry of findings and recommendation under 28 U.S.C. § 636(b)(1)(B). *See* Dkt. No. 329.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons explained below, because the Rule 60(b) motion is, in substance, an unauthorized successive motion under 28 U.S.C. § 2255, the Court, construing it as such, should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action. The Court also should direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510 directly assigned, per Special Order 3-250, to Judge Fitzwater and the undersigned) and to close the same on the basis of any order accepting this recommendation.

**Applicable Background**

"[F]ollowing his guilty-plea conviction for conspiracy to distribute a controlled

substance," in violation of 21 U.S.C. § 846, Lewis was sentenced to 188 months of imprisonment. *United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (per curiam). His criminal judgment was affirmed on direct appeal, after the United States Court of Appeals for the Fifth Circuit rejected Lewis's argument that his trial counsel "was ineffective for failing to challenge the finding that his prior Texas drug offense was a qualifying offense for the purpose of the career-offender enhancement under U.S.S.G. § 4B1.1":

> The Guidelines provide for an enhancement of the offense level and criminal history category if the defendant is determined to be a career offender. U.S.S.G. § 4B1.1. "A defendant is a career offender if .... [inter alia] the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a).
>
> Lewis does not dispute that he judicially confessed to the Texas offense of possession with intent to deliver a controlled substance. In *United States v. Ford*, 509 F.3d 714, 716-17 (5th Cir. 2007), we held that the Texas offense of "possession with intent to deliver" qualifies as a "controlled substance offense" under U.S.S.G. § 2K2.1. That Guideline defines "controlled substance offense" by cross-reference to the career offense guidelines. As counsel had no legal basis on which to object to the enhancement, his failure to do so does not constitute ineffective assistance of counsel.

*Id.* (citation omitted).

And this Court denied Lewis's initial Section 2255 motion. *See Lewis v. United States*, No. 3:13-cv-2176-D, 2013 WL 6869471 (N.D. Tex. Dec. 30, 2013) (raising claims that his guilty plea was not voluntary and that his trial counsel was ineffective for failing to object to the drug-quantity calculation in the presentence investigation report and for failing to raise the applicability of the Fair Sentencing Act of 2010).

**Legal Standards**

Federal Rule of Civil Procedure 60(b) provides for relief from a civil judgment

or order. But that rule is commonly invoked by criminal defendants in the context of motions related to post-conviction relief under Section 2255.

When that occurs, "the court must first determine whether the motion 'should be treated as a second or successive [Section 2255 motion or whether] it should be treated as a "true" 60(b) motion.'" *Pursley v. Estep*, 287 F. App'x 651, 653 (10th Cir. 2008) (per curiam) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006)); *cf. In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014) ("In order to prevent conflicts between the strict limitations in [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")] on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise." (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005))); *Balentine v. Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010) ("A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed several years after an inmate's Section 2254 application had been denied, is in some circumstances an available option." (citing *Gonzalez*, 545 U.S. at 528-29)).

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive habeas petition – if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes omitted).

"While the *Gonzalez* court declined to consider whether its analysis would be equally applicable to § 2255 cases," *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (per curiam) (citing *Gonzalez*, 545 U.S. at 529 n.3), the Fifth Circuit "has applied the holding in *Gonzalez* to § 2255 cases," *id.* (collecting cases); *see, e.g., United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("[W]here a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." (citations omitted)).

## Analysis

The Rule 60(b) motion is substantive. Through it, Lewis does not attack "some defect in the integrity of the federal habeas proceedings," *Coleman*, 768 F.3d at 371, but instead seeks relief based on the Fifth Circuit's post-*Mathis* overruling of *Ford*, the then-controlling precedent that foreclosed the claim he brought on direct appeal.

Earlier this year, the Fifth Circuit, in *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017), held that *Mathis* overturned *Ford*, in which the Court of Appeals had "held that a conviction for possession with intent to deliver a controlled substance under section 481.112(a) of the Texas Health and Safety Code ... qualifies as a 'controlled substance offense' under the [federal sentencing guidelines]," 848 F.3d at 349; *see id.* at 352 ("*Mathis* is more than merely illuminating with respect to the case before us; it unequivocally resolves the question in favor of Tanksley. *Ford* cannot stand. Section 481.112(a) is an indivisible statute to

which the modified categorical approach does not apply." (citations and internal quotation marks omitted)).

As such, today, a prior conviction under Section 481.112(a) does not count as "a controlled substance offense" under the career offender provision of the sentencing guidelines. *See, e.g., United States v. Hott*, ___ F.3d ___, No. 16-11435, 2017 WL 3379254, at *2 (5th Cir. Aug. 7, 2017) ("This court recently held that Texas possession with intent to deliver a controlled substance does not qualify as a controlled substance offense under the Guidelines. Based on *Tanksley*, the Government concedes error in calculation of the Guidelines range." (citation omitted)).

Whether *Mathis* should be applied retroactively in cases on collateral review – such that this Court may reconsider the sentencing-enhancement challenge foreclosed by *Ford* when Lewis filed a direct appeal – may be an open question. *But see, e.g., Watkins v. United States*, Nos. 4:17-cv-293-A & 4:06-cr-10-A, 2017 WL 1906810, at *2 (N.D. Tex. May 5, 2017) ("*Mathis* ... did not announce a new rule nor was it made retroactively applicable to cases on collateral review," citing that the opinion itself noted that "the decision was dictated by decades of prior precedent" (citing *Mathis*, 136 S. Ct. at 2257; citations omitted)).

That said, in a Section 2255 challenge that was successive, the Fifth Circuit held that the movant "failed to make a prima facie showing that *Mathis* ... [sets] forth a new [rule] of constitutional law that [has] been made retroactive to cases on collateral review." *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (citing 28 U.S.C. §§ 2244(b)(3)(C), 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001)).

Despite Lott's failure to make that showing, however, given that the Rule 60(b) motion is a successive Section 2255 in disguise, Lewis should be given an opportunity to make the prima facie showing required before this Court may have jurisdiction over his successive motion. *See, e.g., United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (holding that the appellate-certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file one"; citations omitted).

The Court should therefore construe the Rule 60(b) motion to be, in substance, a successive Section 2255 motion and transfer it to the Fifth Circuit for appropriate action.

**Recommendation**

Because the Rule 60(b) motion [Dkt. No. 328] is, in substance, an unauthorized successive motion under 28 U.S.C. § 2255, the Court, construing it as such, should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action, and the Court should direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510 directly assigned, per Special Order 3-250, to United States District Judge Sidney A. Fitzwater and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE